UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| SUPRAJIT CONTROLS, DIV. OF SUPRAJIT USA INC., SUCCESSOR-IN-INTEREST TO KONGSBERG AUTOMOTIVE INC., : : : : | |
| Plaintiff, : : | Court No. 23-00181 |
| v. : : | |
| UNITED STATES, : : | |
| Defendant. : | |

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, defendant, the United States, responds to the allegations of plaintiff's, Suprajit Controls, Div. of Suprajit USA Inc., Successor-In-Interest to Kongsberg Automotive Inc. (Suprajit), Complaint as follows:

## CAUSE OF ACTION[1]

1. Admits that this action was commenced to contest U.S. Customs and Border Protection's (CBP) denial of a protest filed by Kongsberg Automotive Inc. (Kongsberg). Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the

---

[1] For ease of reference, we have included the headings used by plaintiff in its complaint. However, because they do not constitute allegations, no response is required. Further, no inference should be made that defendant agrees with any characterization in such headings.

allegation that Suprajit Controls, Div. of Suprajit USA Inc., is successor-in-interest to Kongsberg. Denies that the protest at issue was "against the classification, in liquidation, of certain actuators used in automotive applications."

## JURISDICTION

2. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

3. Admits.

## PARTIES

4. As to the first two sentences in this paragraph, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness. Admits the third sentence.

5. Admits.

## STATEMENT OF FACTS

6. Admits that the merchandise at issue consists of certain actuators. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

7. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

8. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

9. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

10. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

11. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

12. Denies that plaintiff imported the subject merchandise, but admits that Kongsberg was the importer of record.  Admits that the subject merchandise was imported "into the U.S. under cover of 190 [. . .] consumption entries," filed at the Port of Brownsville, Texas, between September 3, 2018 and March 23, 2019.

13. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

14. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

15. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

16. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

17. Admits that upon liquidation or reliquidation of the 190 subject entries between September 20, 2019, and November 22, 2019, CBP assessed additional 25 percent *ad valorem* duties on the subject merchandise pursuant to Section 301 of the U.S. Trade Act of 1974 (P.L. 93–618, 19 U.S.C. § 2411).  Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

18. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, admits that on February 11, 2020, Kongsberg protested CBP's liquidation or reliquidation of the entries covered by this action; otherwise denies.

19. Admits that on March 20, 2023, CBP denied in full the protest that is the subject of this action. Denies for lack of information or knowledge sufficient to form a belief that plaintiff is successor-in-interest to Kongsberg.

20. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits that plaintiff filed this action on August 30, 2023, and denies for lack of information or knowledge sufficient to form a belief that plaintiff is successor-in-interest to Kongsberg.

## COUNT I

21. Defendant incorporates its responses to paragraphs 1 through 20 as if fully set forth herein.

22. Admits to the extent supported by Section 301 of the Trade Act of 1974, otherwise denies.

23. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits to the extent supported by the cited case, otherwise denies.

24. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits to the extent supported by the cited cases, otherwise denies.

25. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

26. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

27. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

28. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.

29. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.

## **PRAYER FOR RELIEF**

This unnumbered paragraph consists of plaintiff's request for relief to which no response is required. To the extent a response is required, denies that plaintiff is entitled to the requested relief.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate CBP officials and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

                                                               <u>/s/ Aimee Lee</u>
                                                               AIMEE LEE
                                                                Assistant Director

                                                              <u>/s/ Brandon A. Kennedy</u>
                                                               BRANDON A. KENNEDY
                                                               Trial Attorney
                                                               Department of Justice, Civil Division
                                                               Commercial Litigation Branch
                                                               26 Federal Plaza – Suite 346
                                                               New York, New York 10278
                                                               Tel. (212) 264-9237
Dated:  December 19, 2023            *Attorneys for Defendant*